IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTOINE L. EWING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 17-cv-1286-SMY |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner Antoine Ewing's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Motion is **DENIED**.

### Factual and Procedural Background

On May 3, 2016, a federal grand jury indicted Ewing on one charge of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). *See United States v. Ewing*, 16-cr-30056, Doc. 13. Ewing pleaded guilty to the charge on June 30, 2016 (Doc. 20). This Court sentenced him to 151 months imprisonment and 3 years of supervised release on November 15, 2016 (Docs. 28, 31). Ewing did not file a direct appeal. In his § 2255 motion, Ewing raises claims of ineffective assistance of counsel. He later filed a supplemental brief challenging his career offender classification.

### Standard of Review

An action brought under 28 U.S.C. § 2255 represents an attempt to collaterally attack a sentence outside of the traditional avenue of appeal and as such relief under Section 2255 "is

available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013). Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009).

The district court is not required to hold an evidentiary hearing if "…the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Cooper v. United States*, 378 F.3d 638, 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)). Based on its review of the filings, this Court concludes that the issues in this action can be resolved on the existing record; an evidentiary hearing is not necessary.

## Discussion

### Career Offender Designation

Ewing asserts that under *Mathis v. United States*, 136 U.S. 2243 (2016), his convictions for domestic battery and unlawful delivery of a controlled substance no longer qualify as predicate offenses triggering the career offender designation, and that therefore, the Court misapplied the career offender Sentencing Guidelines provisions.

Sentencing errors that could have raised on direct appeal are generally not cognizable in a § 2255 proceeding. *See Hawkins v. United States*, 706 F.3d 820, 824-25 (7th Cir. 2013) (finding that even though the district court erroneously classified the petitioner as a career offender, "[t]he error could not be corrected in a postconviction proceeding"). That includes an erroneous determination that a defendant is a career offender under the advisory guidelines. Thus, Ewing's claim related to the computation of his advisory Sentencing Guidelines range is procedurally defaulted and his *Mathis* challenge to his career offender status is denied.

## Ineffective Assistance of Counsel

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right encompasses the right to effective assistance of counsel. *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then determine whether, in light of the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.* "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). The Court's review of counsel's performance must be "highly deferential[,] ... indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The Court should not become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong, the plaintiff must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. The plaintiff need not show that counsel's deficient performance

"more likely than not altered the outcome," but that the likelihood of a different result was "substantial, not just conceivable." *Harrington*, 562 U.S. at 111-12.

While Ewing raises numerous grounds to support his claims of ineffective assistance of counsel,[1] his allegations fall into four general categories: (1) Counsel was ineffective in relation to pretrial matters and case strategy; (2) Counsel was ineffective during the plea process; (3) Counsel was improperly influenced by the Government; and (4) Counsel should have requested a mental health evaluation.

Where a petitioner alleges ineffective assistance of counsel based on a failure to investigate or present additional evidence, he cannot rely on vague allegations and tendentious theories, but rather bears the burden of presenting with some particularity what additional evidence could have been uncovered and presented and how this additional information would have had a reasonable probability of changing the outcome. *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003); *see also Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005). Ewing's bare assertions that Counsel failed to follow the advice of a jailhouse lawyer, failed to file a motion to dismiss the charges, and failed to properly investigate his case are without merit. He fails to establish that he was prejudiced in any way or that Counsel's actions were outside the range of professionally competent assistance that an attorney should have provided him.

---

[1] Specifically, Ewing asserts the following claims of ineffective assistance of counsel: "(1) counsel failed to provide him proper guidance and advice during the plea process; (2) Counsel failed to follow the legal advice Ewing was given from another prisoner; (3) Counsel was being blackmailed by the Government; (4) Counsel failed to file a motion to dismiss the charges; (5) Counsel was a former prosecutor and intentionally ignored Ewing's constitutional rights; (6) Counsel failed to object to several of the prosecutor's opening statements; (7) Counsel failed to effectively investigate and research Ewing's case; (8) Counsel failed to effectively investigate the circumstances and status of Ewing's prior convictions according to law; (9) Counsel refused to proceed as requested by Ewing; (10) Counsel fail to establish that the Government had the burden of proof; (11) Counsel failed to advocate for a plea agreement or sentence; and (12) Counsel was ineffective for failing to seek a mental health evaluation."

Ewing has also failed to establish that his counsel failed to conduct an adequate and independent pretrial investigation. In fact, the record shows otherwise. During the undersigned's Rule 11 colloquy at his change of plea hearing, Ewing explicitly stated, under oath, that he was fully satisfied with his counsel's representation:

> Q. All right. Now, have you been provided with the written charges against you, in other words, a copy of the Indictment?
> A. Yes, ma'am.
> Q. And have you had a chance to review that Indictment and your case in general with Mr. Schultz?
> A. Yes, ma'am.
> Q. Are you fully satisfied with Mr. Schultz's advice, representation, and counsel as your attorney?
> A. Yes, ma'am.

(Doc. 34, p. 4,). The Court will not presume that Ewing was lying under oath.

Next, Ewing claims – without any evidence – that Counsel was being improperly influenced by the Government. Again, Ewing's allegations are unsupported by actual proof and therefore lack merit.

Ewing's final argument is that Counsel was ineffective in failing to seek a mental health evaluation for him. Ewing reported to probation that he had never been diagnosed with any mental health condition or received treatment (Doc. 24, at p. 17). And, his responses during the plea colloquy demonstrated that he fully understood the proceedings and that he was knowingly, voluntarily and competently entering a guilty plea (Doc. 34, at pp. 6, 8). As such, there was no basis for Counsel to request a mental health evaluation, and Ewing has offered no objective extrinsic evidence to support his claim.

For the foregoing reasons, Ewing's Petition is **DENIED** and this action is **DISMISSED with prejudice**. All pending motions are **TERMINATED** as **MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Ewing must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Ewing has not made a substantial showing that his counsel's representation was ineffective. Nor has he demonstrated that reasonable jurists would disagree with the Court's analysis. Therefore, the Court declines to certify any issues for appeal.

**IT IS SO ORDERED.**

**DATED:** June 25, 2020

*[signature]*

**STACI M. YANDLE**
**United States District Judge**